**396**

Hilda O. Fazzino
vs.
Paul Fazzino

Div. No. 10977

DECISION
July 15, 1919

DORAN, J. It seems clear that under our statute a divorce from bed and board on the ground of neglect to provide requires as long a period of such neglect as would be required for an absolute divorce. Neglect to provide is a ground for absolute divorce and when it is set up as a ground for separate maintenance, I think the statute requires that one accept that ground as defined by the statute, namely, such neglect for at least a year. But the petition also alleges desertion. Desertion is a ground if continued five years or "for a shorter period of time in the discretion of the Court". Respondent was kept out of the state in military service until some date later than November 1918, but he testifies in substance that on November 30th, 1918, he resolved never again to recognize petitioner as his wife.

In Walker v. Walker, 32 R. I., the Supreme Court intimated that perhaps residence by petitioner in this state for one day or for part of a day might be sufficient to qualify a petitioner to sue for separate maintenance. Duration of residence and duration of desertion are different matters but the sections of the statute involved both concern the discretion of the court in regard to required time. Stevens v. Stevens, 8 R. I. 557, discusses the necessary length of desertion for absolute divorce, but the reason given, not to sever the bond while there may be some chance of reconciliation, does not apply here. The case on trial is extreme in some features and I believe the circumstances justify the exercise of the required discretion.

The petition is granted.

**395, 396**

Respondent's cross petition is denied and dismissed.

Petitioner is allowed four dollars a week toward the separate maintenance of herself and child, to be paid by respondent, this order not to disturb the existing allowance pendente lite if this decision is suspended by exception.

Petitioner is awarded custody of child.

For petitioner: James B. Littlefield.

For respondent: Joseph Veneziale.

---

**397**

Bertha Higham
vs.
Mary Lees

No. 44526

DECISION
July 15, 1919

DORAN, J. The evidence strongly indicates that plaintiff, independently of the assault, was and is of a highly nervous temperament and that her continuing nervous disturbance is due to continued residence in the same house with defendant more than to the occurrences of February 8th, 1919.

New trial granted unless plaintiff within fifteen days of notice of this decision remits all damages in excess of $175.

For plaintiff: M. F. Costello.

For defendant: Cushing, Carroll & McCartin.

---

**398**

Charles W. Whitman
vs.
City of Providence

M. P. No. 496

DECISION
July 31, 1919

DORAN, J. The only ground for the motion for new trial being excessive damages, I am required, if a new trial is granted, to offer a remittitur. I am unable to name a value for the farm except in some purely arbitrary manner.

Motion for new trial denied.

For petitioners: Frank L. Hauley.

For respondent: Elmer S. Chase, Oscar L. Heltzen and Ellis L. Yatman.